# Exhibit B

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. |
| CHARLES PAPPAS, | ) | 12-22099 (ASD) |
| | ) | |
| Debtor | ) | |
| | ) | Chapter 7 |

## JUDGMENT-CREDITOR DONNA PARRIS'
## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Judgment-Creditor Donna Parris ("Parris") hereby propounds her First Requests for Production to Debtor Charles Pappas ("Debtor") in the above captioned proceeding.  Pursuant to the Bankruptcy Court's August 20, 2013 Order Authorizing Rule 2004 Examination (docket no. 39) and in accordance with the Instructions and Definitions that follow, the Debtor is requested to produce the documents requested below within 14 days of the date of service hereof, at the offices of Parris' counsel, Bracewell & Giuliani LLP, 225 Asylum Street, Suite 2600, Hartford, Connecticut 06103, attention: Michael J. Coolican.  Alternatively, Parris will accept electronic service via an email sent to micahel.coolican@bgllp.com.

## INSTRUCTIONS

1.      Unless otherwise stated, the scope of these requests is limited to the Relevant Period, as defined below.

2.      In responding to these document requests, furnish all responsive documents available to you, including documents in the possession, custody, or control of your employees, representatives, agents, any other person acting on your behalf, or any entities you control or their employees, representatives, agents, any other person acting on their behalf.  These document requests also seek documents, unless privileged, available to your present and former

attorneys.

3.      If any portion of any document is responsive to any of the document requests, then the entire document must be produced.  Documents should be produced in the order in which they are kept in the ordinary course of business.

4.      If there was a document required to be produced by these document requests, and that document no longer exists, please identify the document and state the circumstances under which it was destroyed or ceased to exist.

5.      When any original, draft, copy or reproduction of any document responsive to any of the following requests contains or has been revised to include any postscript, notation, change, amendment or addendum not appearing on the document itself as originally written, typed or otherwise prepared, produce each such revised original, draft, copy or reproduction.

6.      To the extent you consider any of the requests or subparts thereof to be objectionable, provide produce documents responsive to that portion or subpart of the request to which you have no objection and separately state the portion of the document request, or subpart thereof, to which you object, stating the specific ground for your objection.

7.      Any document for which there is a claim of privilege or protection must be produced in its entirety, except only as to that portion of the content which is claimed to be privileged or protected.  With respect to any claim of privilege asserted as to any requested documents (or portions thereof), provide a privilege log in accordance with Rule 26 of Local Civil Rules of the District of Connecticut ("Local Civil Rules"), as incorporated by Rule 1001-1 of the Local Rules of Bankruptcy Procedures, and state therein the claim or privilege or other reason for withholding the document with sufficient specificity to enable the reader to fairly understand and test the claim of privilege.

8.      If You are unable to obtain any document required to be produced because the document is in the possession, custody or control of any other person or entity, you are required to: (i) identify the document by its author, addressee, date, title, number of pages, subject matter and type (e.g., letter, note or memorandum); (ii) describe your efforts to obtain the document; and (iii) state any reasons given by the person in possession, custody or control of the document for not providing it to you.

9.      All attachments to any requested documents that are stapled, paper clipped, or otherwise affixed (electronically or otherwise) to the documents must be attached to the documents to which they relate.

10.      These document requests shall be deemed continuing so as to require supplemental responses in the event additional information or documents are discovered, necessitating any revision, correction, or supplementation to any initial response to a request.

11.      All documents requested herein shall be produced electronically as single-page tagged image file format ("TIFF") with document-level text extraction, except that (1) all spreadsheets, including but not limited to those created with Excel software and (2) all databases, including but not limited to those created with Access software, shall be produced in their native form.  The Defendant reserves its right to request production of any document in its native form if, after production in TIFF format it is determined that a native form production is necessary.  Metadata shall be provided with each electronic production.  The metadata provided for native files shall include all metadata files.

**DEFINITIONS**

A.      The "Relevant Period" refers to the date of the initial filing of the Debtor's bankruptcy petition in the instant proceeding through the present.

B.     The definitions and rules of construction set forth in Rule 26 (c) and (d) of the Local Civil Rules are hereby incorporated.

C.     For the avoidance of doubt, the definition of the term "document" under the Local Civil Rules includes written communications and electronically stored information, and therefore extends to, among other things, text messages, blogs and blog entries, instant messages, email, email attachments, metadata, and messaging and postings made via social media services such as Facebook, MySpace, and Twitter.

D.     "LLCs" refers to any or all of Normandies Park, LLC, Anna Alexis, LLC, Crystal Creek Farms, LLC, Max CT, LLC, and Otis Street, LLC.

E.     The "Malpractice Action" refers to the malpractice action pending in Connecticut state court, captioned *Pappas v. Lonardo*, WWM-CV12-6004878-S.

F.      The "Church Street Foreclosure Action" refers to the foreclosure action pending in Connecticut state court, captioned *Avidia Bank v. Pappas*, WWM-CV13-6006820-S.

G.     The "Normandies Park Foreclosure Action" refers to the foreclosure action formerly pending in Connecticut state court, captioned *Tony Leo Crane Service, Inc. v. Normandies Park LLC*, WWM-CV12-6005142-S.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     Produce all documents concerning the Church Street Foreclosure Action, including, but not limited to, correspondence exchange among or between the Debtor, Robin Delaney ("Delaney"), the other parties in that litigation (including their counsel) concerning the Church Street Foreclosure Action, all agreements concerning the Church Street Foreclosure Action, all court orders issued in the Church Street Foreclosure Action, and all documents filed or served by the parties in that action (such as appraisals, expert reports or disclosures,

documents produced in discovery, pleadings, motions, other court filings, discovery requests and responses or objections to same).

2.      Produce all documents concerning the Malpractice Action, including, but not limited to, correspondence exchange among or between the Debtor, Delaney, and the other parties to that litigation (including their counsel or insurers) concerning the Malpractice Action, all agreements concerning the Malpractice Action, all court orders issued in the Malpractice Action, and all documents filed or served by the parties in the Malpractice Action (such as expert reports or disclosures, documents produced in discovery, pleadings, motions, other court filings, discovery requests and responses or objections to same).

3.      Produce all documents concerning the Normandies Park Foreclosure Action, including, but not limited to, correspondence exchange among or between the Debtor, Delaney, and any party to that litigation (including its counsel) concerning the Normandies Park Foreclosure Action and all agreements concerning the Church Street Foreclosure Action.

4.      Produce all documents memorializing or concerning any agreement formed between October 1, 2009 and the present among or between the Debtor, Delaney, and any of the LLCs.

5.      Produce all documents concerning any payment or distribution, directly or indirectly, of anything of value to the Debtor or Delaney by any of the LLCs.

6.      Produce all documents concerning the use or enjoyment by the Debtor or Delaney of anything of value owned by any of the LLCs.

7.      Produce all documents concerning the ownership, use, sale, lease, or other transfer, whether completed or only contemplated, of all interests in property identified in the Debtor's or Delaney's bankruptcy petitions and schedules, as amended.

8.      As to any interest in property not identified in the Debtor's or Delaney's bankruptcy petitions and schedules, as amended, but that is, or was, held or controlled by the Debtor, Delaney, or any of the LLCs during the Relevant Period, produce all documents concerning the ownership, use, sale, lease, or other transfer, whether completed or only contemplated, of such interests in property.

9.      Produce all documents concerning the ownership, use, sale, lease, or other transfer, whether completed or only contemplated, of 7 Normandies Park, Dayville, Connecticut, also known as Unit #7 of the mobile home park owned by Normandies Park, LLC in Dayville, Connecticut.

10.      Produce all documents concerning income generated by any and all of the LLCs, including rental income.

11.      Produce all documents concerning the income of the Debtor.

12.      Produce all documents concerning the income of Delaney.

13.      Produce all documents concerning the expenses of, or distributions made by, any and all the LLCs, including, but not limited to, payments for salaries, goods, services, taxes, insurance premiums, and membership distributions (including dividends or other payments to equity holders).

14.      Produce all documents concerning the expenses of the Debtor.

15.      Produce all documents concerning the expenses of Delaney.

16.      Produce all federal and state tax returns for the 2012 tax year for the Debtor and all LLCs, including all schedules, attachments, exhibits, worksheets, and related correspondence with any governmental tax collecting entity.

Dated: October 9, 2013

DONNA PARRIS, CREDITOR

By: /s/  Michael J. Coolican
      Michael J. Coolican [ct28057]
      Katherine L. Lindsay [ct27971]
      BRACEWELL & GIULIANI LLP
      225 Asylum Street, Suite 2600
      Hartford, CT 06103
      Tel: (860) 947-9000
      Fax: (860) 246-3201
      Email: michael.coolican@bgllp.com
      Email: katherine.lindsay@bgllp.com

      Greg J. Kirschner [ct26888]
      THE CONNECTICUT FAIR HOUSING CENTER
      221 Main St., 4th Floor
      Hartford, CT 06106
      Tel: (860) 263-0728
      Fax: (860) 247-4236
      Email: greg@ctfairhousing.org

      *Her attorneys*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 9, 2013, a copy of the foregoing was served by U.S. Mail upon counsel for the Debtor, Derek G. Poirier, Esq., Law Offices of John Q. Gale, LLC, 363 Main Street, 4th Floor, Hartford, Connecticut 06106.

.

/s/  Michael J. Coolican
Michael J. Coolican