### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re: ) | |
| ) | Case No. |
| CHARLES PAPPAS, ) | 12-22099 (ASD) |
| ) | |
| Debtor ) | |
| ) | Chapter 7 |

**MOTION FOR SANCTIONS FOR VIOLATION OF ORDER
FOR ACCOUNTING OF ESTATE PROPERTY BY DEBTOR**

TO THE HONORABLE ALBERT S. DABROWSKI, U.S. Bankruptcy Judge:

Judgment-Creditor Donna Parris hereby moves for an order imposing sanctions in connection with Debtor Charles Pappas's violation of this Court's Order for Expedited Accounting and Turnover of Estate Property (the "Order") (ECF No. 50).

1. On November 19, 2013, the Court ordered that the Debtor file with the Court an accounting of (1) all proceeds from the sale of real property, (2) rents, and (3) uses of cash by any and all limited liability companies in which the Debtor holds membership interests (the "LLCs"). *See id.*

2. On December 5, 2013, with the aid of counsel, the Debtor filed a document captioned "Accounting." *See* ECF 56.

3. The Debtor's Accounting is so deficient as to amount to a violation of the Order, warranting the imposition of sanctions.

4. First, the Accounting selectively identifies real estate transactions for disclosure, but omits others. For example, the Debtor's Schedule A, as amended on October 26, 2012, lists a 50% interest in the property at 35 Attawaugan Crossing, Dayville, Connecticut (the "Attawaugan Property"). *See* ECF No. 15.1 at 1. The Debtor valued the Attawaugan Property

at $85,300.00. *See id.* Publically-available tax records establish that the day *before* the Debtor filed his amended schedules, the Attawaugan Property was sold for $416,775. *See* Ex. A (a true copy of search results obtained by undersigned from Town of Killingly Assessor's Office public database). This sale is not mentioned in the Accounting.

5. Second, the Accounting does not break-out income and expenses among the seven LLCs in which the Debtor has an interest. *See* ECF No. 15-1 at 1-2 (Debtor's Amended Schedules A & B). As a result, it is impossible to determine which LLCs had income, which had expenses, and in what amounts.

6. Third, the Accounting characterizes all payments made by the LLCs as "expenses paid." *See* ECF 56 at 1. On the face of the Accounting, many of those alleged payments were obviously for the Debtor's – and not the LLCs' – benefit. That is, they are not "expenses paid" on the LLCs' behalf, but rather appear to be unauthorized distributions of cash or benefits to the Debtor. For example, the Accounting lists $4,900 in payments for "Food." The LLCs at issue have no legitimate need to purchase food, so these payments were necessarily made for the Debtor's benefit. An accurate accounting would characterize these payments as equity distributions to the Debtor.

7. The same is true with respect to the $13,398 in "Mortgage/rent" expenses paid. The LLCs with scheduled assets and income are Normandies Park LLC and Crystal Creek Farms LLC. In the Debtor's schedules, there are no mortgages identified on properties owned by Normandies Park, and thus there would be no need to pay a mortgage expense. Likewise, while the properties formerly owned by Crystal Creek Farms were encumbered with mortgages, it is undisputed that the Debtor stopped paying the relevant lender in June 2012. *See* ECF No. 29 ¶¶ 3-4 (Avidia Bank's Motion for Relief from Stay). Further, the Debtor's schedules do not

2

disclose any leasehold interests held by LLCs or otherwise, and thus the LLCs have no need to pay any "rent" expense. As such, it is evident that supposed payments by the LLCs for "Mortgage/rent" were either paid on the Debtor's behalf or are simply fraudulent.

8. These discrepancies call into question the remainder of the vague descriptions for the payment of over $20,000 in expenses that could easily be associated with an individual, as opposed to an LLC, including "Cable," "Phone," "Gas," "Propane," "Fees," "Misc.," "Taxes," and "Electricity."

9. Fourth, the consistently round numbers of the expenses from month-to-month (*i.e.* $200 electricity bills for 14 months straight) suggest the "Accounting" is not an accounting at all, but at best, a rough estimate.

10. Fifth, the Accounting selectively relies on documentation when it is amenable to the Debtor, attaching two documents, but no others. Without documentation, the Court is left to rely on the unsworn assertions in the Accounting, which provide no details or explanations.

11. Sixth, in some instances, the rents described in the Accounting inexplicably vary from month-to-month by more than 100%. For example, per the Accounting, rents collected in July 2013 were allegedly $2,925, but rents collected in August 2013 were $10,425.

12. The foregoing establishes that the Accounting cannot be relied upon by the Court or creditors. Filing a document with such deficiencies is the functional equivalent of not having filed anything at all. Under such circumstances, the imposition of sanctions is warranted.

13. The movant, Ms. Donna Parris, reserves the right to request additional relief related to the distribution of assets and uses of cash, including, but not limited to, objecting to the sale of real property and use or retention of estate property by the Debtor, as unauthorized post-petition transfers by a debtor.

WHEREFORE, Judgment-Creditor Donna Parris respectfully requests that this Court sanction the Debtor: (i) awarding Ms. Parris her reasonable attorneys' fees incurred in bringing the instant motion and prior motion for an accounting, (ii) ordering that all rents as they become due and payable to the LLCs be paid to Thomas C. Boscarino, the Chapter 7 Trustee, to be held subject to Ms. Parris' liens; (iii) ordering that the Debtor file and swear to the veracity of a detailed, substitute accounting that identifies all property interests of the LLCs and that remedies the deficiencies identified by the instant motion; (iv) ordering that the Debtor make available to his creditors any and all documents that relate to property, income, and expenses identified in the substitute accounting, and (v) such other relief as the Court deems proper.

Dated: December 11, 2013

DONNA PARRIS, CREDITOR

By: */s/ Michael J. Coolican*
　　Michael J. Coolican [ct28057]
　　Katherine L. Lindsay [ct27971]
　　BRACEWELL & GIULIANI LLP
　　225 Asylum Street, Suite 2600
　　Hartford, CT 06103
　　Tel: (860) 947-9000
　　Fax: (860) 246-3201
　　Email: michael.coolican@bgllp.com
　　Email: katherine.lindsay@bgllp.com

　　Greg J. Kirschner [ct26888]
　　THE CONNECTICUT FAIR HOUSING CENTER
　　221 Main St., 4th Floor
　　Hartford, CT 06106
　　Tel: (860) 263-0728
　　Fax: (860) 247-4236
　　Email: greg@ctfairhousing.org

*Her attorneys*