UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re: ) | |
| ) | Case No. |
| CHARLES PAPPAS, ) | 12-22099 (ASD) |
| ) | |
| Debtor. ) | Chapter 7 |
| ) | ECF No. 57, 69 |

**ORDER ENTERING FINDING OF CONTEMPT
AND COMPELLING COMPLIANCE WITH SUBPOENA**

Upon consideration of Judgment-Creditor Donna Parris's *Motion for Sanctions for Violation of Order For Accounting of Estate Property by Debtor* ("Sanctions Motion") (ECF No. 57), *Motion to Compel and for Finding of Contempt for Failure to Comply with Subpoena* ("Motion to Compel") (ECF No. 69), and the supplemental memorandum and declaration filed in support thereof (ECF No. 76 and 80), and the Court having found that Debtor Charles Pappas ("Debtor") materially failed, without adequate excuse, to obey a valid subpoena ("Subpoena") to produce certain documents and appear for examination under oath, and the Court having found that the Debtor materially failed, without adequate excuse, to obey this Court's order ("Order for an Accounting") (ECF No. 74) to file a detailed accounting and to produce documents relevant to the same, and the Court having determined there is good cause for granting the requested relief as conditioned hereafter:

IT IS HEREBY ORDERED that (i) by virtue of the Debtor's failure to comply with the Subpoena and Order for an Accounting, the Court finds that the Debtor is in contempt of court; (ii) the Debtor shall purge his contempt (a) by producing to Judgment-Creditor Donna Parris' counsel all documents described in the Subpoena on or before February 18, 2014; (b) by appearing for examination under oath at the offices of Ms. Parris' attorneys on a date and at a time of Ms. Parris' choosing; (c) until the Court orders otherwise, by filing with the Court and serving upon the Chapter 7 Trustee and Ms. Parris' counsel by the second Monday of each

-2-

month, a detailed accounting (the "Monthly Accounting") that is sworn to by the Debtor under penalty of perjury, that identifies all property interests of those limited liability companies ("LLCs") in which the Debtor holds an interest, and that for the immediately preceding month, accounts for all rents, uses of such rents and cash by the LLCs, and the uses of the proceeds from the sale or transfer of any real property of the LLCs, and that attaches any and all documents that relate to any property, income, or expenses identified in that Monthly Accounting; (d) by the Debtor curing the accounting deficiencies noted by the Court, the Trustee and Ms. Parris' counsel on the record on or before February 18, 2014, it being determined that the Accounting filed on January 24, 2014 by the Debtor (ECF 78) was not sufficiently in compliance with the prior Order(s) of this Court; and (e) by the Debtor turning over to the Trustee the aggregate amount of $10,208.47 on or before February 18, 2014, to be held by the Trustee subject to Ms. Parris' claims of liens, which amount may be adjusted as the Court may subsequently determine (more or less) after consideration of such revised Accounting; (iii) Ms. Parris is awarded her costs and reasonable attorneys' fees incurred in connection with the Debtor's failure to appear for examination, in the amount of $1,656.25, to be paid by the Debtor to Ms. Parris' counsel on or before February 18, 2014; (iv) without prejudice to the Debtor moving for reconsideration by February 7, 2014, Ms. Parris is further awarded her costs and reasonable attorneys' fees incurred in connection with bringing her motion for an accounting and Sanctions Motion, in the amount of $4,125.00, to be paid by the Debtor to Ms. Parris' counsel on or before February 18, 2014; and (v) the Debtor is cautioned that his failure to purge his contempt and comply with this Court's orders can and will result in significant consequences, including, conceivably, further

monetary sanctions and civil confinement.

Dated: February 6, 2014 BY THE COURT

*Albert S. Dabrowski*
**Albert S. Dabrowski**
**Chief United States Bankruptcy Judge**